IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN NEIL SNYDER, | No. C 15-02450 EJD (PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction out of the United States District Court for the District of Maryland. Petitioner claims that his Fifth Amendment Right to due process was violated because the government withheld exculpatory evidence that would have exonerated Petitioner and proved his actual innocence. (Docket No. 1 at 2.)

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988). Only the sentencing court has jurisdiction. See

Order of Transfer
P:\PRO-SE\EJD\HC.15\02450Snyder_transfer.wpd

id. at 1163.  A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); Tripati, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion); see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (where challenge is to alleged errors at or prior to sentencing remedy is § 2255 motion, not § 2241 writ).

Because it is clear that Petitioner is challenging the constitutionality of his conviction rather than its execution, the petition should have been filed under 28 U.S.C. § 2255 rather than § 2241.  See Tripati, 843 F.2d at 1162.  Furthermore, only the sentencing court, i.e., the United States District Court for the District of Maryland, has jurisdiction over this petition.  See id. at 1163.

Accordingly, the above-titled action is hereby **TRANSFERRED** to the United States District Court for the District of Maryland.  See 28 U.S.C. § 1631.

The Court also notes that Petitioner indicated on the petition that he was filing it "In the United States District Court for the 9th Circuit."[1] (Docket No. 1 at 1.)  To the extent that Petitioner may have intended to file an appeal, he should do so in the United States Court of Appeals for the Fourth Circuit, which has appellate jurisdiction over the United States District Court for the District of Maryland.

The Clerk shall transfer this matter and terminate any pending motions.

DATED:  9/28/2015


EDWARD J. DAVILA
United States District Judge

---

[1] Petitioner states that the "US District Court for the 9th Circuit" has jurisdiction over this matter because one of the government witnesses against him resides in California and because the crime for which he was convicted involved transactions over the internet and took place in the State of California, among others.  (Docket No. 1 at 3.)  As discussed above, this matter should have been filed as a § 2255 petition over which only the sentencing court has jurisdiction.

Order of Transfer
P:\PRO-SE\EJD\HC.15\02450Snyder_transfer.wpd          2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBIN NEIL SNYDER,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case Number: CV15-02450 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/.30/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robin Neil Snyder
8109 Streamwood Dr
Baltimore, MD 21208

Dated: 9/30/2015

        Susan Y. Soong, Clerk
        /s/ Elizabeth Garcia, Deputy Clerk