## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBIN NEIL SNYDER, #42841-037      *

MORTGAGE BANKERS LIMITED,[1]      *

                               *

Petitioners,                      *         Civil Action No. CCB-15-3003

                               *

v                                    *

                               *

UNITED STATES OF AMERICA         *

                               *

Respondent(s).                  *

                              ***

## MEMORANDUM

Robin Neil Snyder filed a petition in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §2241, challenging his judgment of conviction in *United States v. Snyder, et al*., Criminal Case CCB-07-155 (D. Md.). He claims prosecutors violated his right to due process under the Fifth Amendment by withholding exculpatory information. As redress, he seeks vacatur of his conviction and sentence.

On October 5, 2015, the United States District Court for the Northern District of California transferred this case to the District of Maryland, after it determined Snyder's petition was properly filed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and must be considered by the sentencing court. (ECF 16).[2]

Snyder was convicted of wire fraud, money laundering, and obstruction of justice and sentenced to a total of 97 months in prison on August 26, 2008. *Id*. His convictions were

---

[1] Snyder's mortgage company, Mortgage Bankers Limited, is not a "prisoner in custody" under 28 U.S.C. §2255(a), and will be dismissed.

[2] Snyder is housed at the Federal Correctional Institution in Fort Dix, New Jersey. Snyder states he filed the petition in California because a witness who testified against him resides in California and the offenses for which he was convicted involved transactions over the internet in places including California. (ECF 1).

affirmed by the United States Court of Appeals for the Fourth Circuit in *United States v. Snyder*, 365 F. App'x 508 (4th Cir. 2010), and the Supreme Court denied certiorari. *See Snyder v. United States*, 131 S.Ct. 595 (2010).

In November of 2011, Snyder filed a motion to vacate under 28 U.S.C. § 2255, which was denied on the merits in *Snyder v. United States of America,* Civil Case CCB-11-3357 (D. Md.). The Fourth Circuit denied and dismissed his appeal of that decision. *See United States v. Snyder*, CA4 No. 13-6148 on May 2 2013. The instant petition is a second or successive § 2255 motion challenging Snyder's judgment, and may not be considered by this court unless Snyder first obtains authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial,* 115 F.3d 1192, 1197–98 (4th Cir. 1997) (en banc).[3]

A self-represented litigant may not avoid the procedural requirements for a second or successive § 2255 motion by attaching other titles to a motion. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)); *see also Castro v. United States*, 540 U.S. 375, 381–82 (2003) (stating a court may recharacterize a motion filed by a self-represented litigant "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). As Snyder provides no evidence that he has obtained authorization from the United States Court of Appeals for the Fourth Circuit, the motion will be dismissed without prejudice for lack of jurisdiction.

---

[3] Pursuant to 28 U.S.C. § 2255(h), the Court of Appeals may authorize a successive application if the petition relies on:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. §2253(c)(2). Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). This motion provides no grounds to issue a certificate of appealability ("COA"). Denial of a COA does not prevent Snyder from seeking permission to file a successive petition from the court of appeals.

An order consistent with this memorandum follows.


November 3, 2015
Date

                               /S/
                    _____
                    Catherine C. Blake
                    United States District Judge